U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2020 MAR 19 PM 1:31

CLERK

DOCKET NO. _____

DEPUTY CLERK

| | |
|---|---|
| CFGAdvance, LLC, | ) |
|     Plaintiff, | ) |
| | )    2:20-cv-43 |
| v. | ) |
| | ) |
| AgileCap, LLC, | ) |
|     Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff CFGAdvance, LLC, by and through its attorneys, Monaghan Safar Ducham PLLC, and hereby complains against Defendant AgileCap, LLC, as follows:

### I. PARTIES

1. AgileCap, LLC (hereinafter "AgileCap") is a Delaware limited liability company formed on or about October 24, 2014, having a principal place of business 2700 Homestead Road, Suite 50, Park City, UT 84098. AgileCap's registered agent is Corporation Service Company, which has a physical address at 251 Little Falls Drive, Wilmington, DE 19808.

2. AgileCap's primary business is lending money to insurance brokerage firms by accepting as collateral the commissions due to those insurance brokerage firms.

3. CFGAdvance, LLC (hereinafter "CFGAdvance") is a Vermont limited liability company, having a principal place of business at 3206 East 6th St., Durango, CO 81301. CFGAdvance's registered agent is Susan Snider, who has a physical address at 200 Mad Ellen Rd., Fayston, VT 05673.



4.  CFGAdvance's primary business is investing.

## II. JURISDICTION

5.  CFGAdvance brings its complaint under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## III. FACTS

6.  The business relationship between AgileCap and CFGAdvance came about as a result of conversations between Peter Friedman (who would become the founder of AgileCap) and Leo Cohen (who would become the founder of CFGAdvance). Mr. Cohen and Mr. Friedman had previously worked with each other but re-connected after running into each other at a supermarket in Waitsfield, Vermont in late summer or early fall of 2014. Mr. Cohen explained to Mr. Friedman the concepts behind lending money to insurance brokerage firms by accepting as collateral the commissions due to those insurance brokerage firms. The two agreed to cooperate on a new venture utilizing this business model. Accordingly, CFGAdvance was formed in Vermont specifically to invest in AgileCap.

7.  As a result of Mr. Cohen and Mr. Friedman's discussions, on or about December 18, 2014, AgileCap and CFGAdvance entered into a Limited Liability Company Agreement ("LLC Agreement") for the purpose of "setting forth the terms and conditions governing the operation and management of the Company." *See* LLC Agreement, p. 1, *attached as* Exhibit 1.

8.  For several years, AgileCap's principal place of business was in the Mad River Valley of Vermont. For its first two years, AgileCap employed Mr. Cohen to institute and operate marketing, with additional management responsibilities. After



that employment ended, Mr. Cohen worked for a year as a contractor to bring in new business to AgileCap. Following that year, AgileCap's principal place of business continued to be in the Mad River Valley of Vermont, but it then moved to Park City, Utah.

9. Pursuant to the LLC Agreement between AgileCap and CFGAdvance, CFGAdvance is an investor in AgileCap. CFGAdvance holds 25 Class B membership units of AgileCap, which is all of the Class B shares. Accordingly, CFGAdvance is entitled to twenty-five percent (25%) of AgileCap's net quarterly profits.

10. Class B membership shares of AgileCap have no voting or management rights.

11. Article VII of the LLC Agreement concerns the allocations and distributions of profits and losses to CFGAdvance members.

12. Section 7.6(b) of the LLC Agreement concerns the exclusive method of distribution from "Available Cash" to the Class B members. It provides:

> (i) With respect to each Quarterly Distribution Calculation Period within the Class B Distribution Period, an amount, if any (each a "Class B Distribution"), equal to the product of (i) the amount, if any, equal to the **Net Profits** for such Quarterly Distribution Calculation Period; multiplied by (ii) the Class B Member's Percentage Interest. The amount of each Class B Distribution, less any amounts distributed pursuant to Section 7.6(f) or Section 7.7 shall be retained by the Company in accordance with the terms of this Agreement and, if held until the expiration of the Class B Distribution Period, thereafter paid to the Class B Member pursuant to Section 4.7. For the avoidance of doubt, no interest shall accrue on the Class B Distributions.
>
> (ii) At the end of each Quarterly Distribution Calculation Period within the Class B Distribution Period (other than the first Quarterly Distribution



3

> Calculation Period), the Company shall calculate the amount equal to the quotient of (x) the product of (A) the Class B Distribution for such Quarterly Distribution Calculation Period, less any amounts distributed pursuant to Section 7.6(f) or Section 7.7, multiplied by (B) the applicable Quarterly Distribution Calculation Period Rate, divided by (y) four (4) (the "**Class B Distribution Preference Amount**"). Promptly following such calculation, and upon the end of each subsequent Quarterly Distribution Period within the Class B Distribution Period, the Company shall make a distribution in cash of such Class B Distribution Preference Amount.
>
> . . .

LLC Agreement, pp. 17-18.

13. Pursuant to the LLC Agreement, AgileCap regularly provided CFGAdvance with its annual Schedule K-1's and quarterly financial statements. Nevertheless, these Schedule K-1's and quarterly financial statements regularly contained inconsistencies and formatting changes. CFGAdvance and AgileCap have reached an agreement on the means for rectifying these outstanding issues, but it should be noted that any resolution of the claims regarding distributions may have significant effects on the computation of the 2019 Schedule K-1.

14. Accordingly, AgileCap provided CFGAdvance with a "reset model" financial statement detailing AgileCap's financials through the third quarter of 2019.

15. Additionally, for years, AgileCap was erroneously calculating the distributions it owed to CFGAdvance.

16. Namely, by the terms of the LLC Agreement, for each quarter, AgileCap should have been paying a distribution to CFGAdvance based on the profit realized in that particular quarter. Instead, AgileCap computed distributions owed to CFGAdvance based on cumulative net profit since AgileCap's founding.



4

17. By the terms of Section 7.6(b)(ii) of the LLC Agreement, unpaid distributions owed to CFGAdvance are subject to an 11.4-percent (11.4%) interest rate.

18. Based upon figures from the "reset model" financial statement—and factoring in the 11.4-percent interest rate—AgileCap's erroneous calculations of the distributions owed to CFGAdvance has resulted in AgileCap underpaying CFGAdvance by $135,513.73 over the length of the LLC Agreement.

19. Next, CFGAdvance also found errors in the basis in CFGAdvance's capital account, though these errors have been accounted for by accountants by both parties as part of their agreement on the means for rectifying the previously noted Schedule K-1 issues.

20. AgileCap has refused to correct the erroneous distribution calculations, claiming distributions should be calculated on a cumulative profit/loss basis.

### IV. BREACH OF CONTRACT CLAIM

21. By erroneously calculating the distributions it owed to CFGAdvance, AgileCap violated the terms of the LLC Agreement.

22. Accordingly, pursuant to the terms of the LLC Agreement, AgileCap owes CFGAdvance a total of $135,513.73.

23. CFGAdvance now seeks this amount in restitution damages.

24. CFGAdvance further seeks its attorney's fees and court costs in pursuing this action.

### V. JURY DEMAND

25. CFGAdvance demands a trial by jury for all issues so triable.


MONAGHAN SAFAR DUCHAM PLLC

WHEREFORE, Plaintiff CFGAdvance, LLC, respectfully requests that this honorable Court enter judgment against Defendant AgileCap, LLC, and award the following relief:

(A)   Restitution damages of $135,513.73;

(B)   Attorney's fees and court costs; and

(C)   Grant any and all other relief as this Court deems equitable and just.

Dated at Burlington, Vermont, this 19th day of March, 2020.

Respectfully Submitted,

Claudine C. Safar, Esq. (lead counsel)
Christian S. Chorba, Esq.
Attorneys for CFGAdvance, LLC
Monaghan Safar Ducham PLLC
156 Battery Street
Burlington, VT 05401
(802) 660-4735
(802) 419-3662 (facsimile)
csafar@msdvt.com
cchorba@msdvt.com
